**NEW ORLEANS CITY PARK IMPROVEMENT ASSOCIATION, Appellant,**

v.

**Mandeville DETIEGE, Individually and on behalf of others similarly situated, et al., Appellees.**

No. 16864.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1958.

Rehearing Denied March 28, 1958.

# 123

Louis B. Porterie, New Orleans, La., for appellant.

A. P. Tureaud, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

 This appeal from a summary judgment declaring the rights of the parties, and permanently enjoining the defendant, New Orleans City Park Improvement Association, a municipal corporation, from denying plaintiffs and other Negroes, solely on account of their race or color, the use of the facilities of the New Orleans City Park, calls for affirmance on the authority of Holmes v. City of Atlanta, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776, and Mayor and Council of Baltimore City v. Dawson, 350 U.S. 877, 76 S.Ct. 133, 100 L.Ed. 774. Arising from a complaint in which the Negro plaintiffs, suing for themselves and others similarly situated, seek to have declared unconstitutional all state laws which prevent their use on the same basis as white persons of the golf course and other facilities of City Park, the suit presents no disputed factual issues and no new principles. Attempting to assert that there was a substantial issue of fact which should have prevented the trial court from acting on motion for summary judgment, appellant takes the completely untenable position that we should ignore the decision of the Supreme Court in the two cited cases because, so it states, they were posited on the ratio decidendi of that court in the school segregation cases of Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, which, appellant contends, were based on psychological considerations not here applicable. Appellant seeks to present this as a fact issue, contending that the trial court should have heard evidence to determine whether such psychological considerations are present in the denial of access on a non-segregated basis to the City Park. Whatever may have been the basis of the Supreme Court's decision in the Atlanta and Baltimore cases, they were nevertheless decided on identical issues that are presented here, and they are, of course, binding on us. The Courts have decided that the refusal of city and state officials to make publicly supported facilities available on a non-segregated basis to Negro citizens deprives them of equal protection under the laws in too many cases for us to take seriously a contention that such decisions are erroneous and should be reversed.

The appeal is without merit and the judgment is

Affirmed.